[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action plaintiffs Mario and Arlene Dottori seek compensation for damages allegedly caused to their house which was occupied by defendants Paul Breeding and his issue, Caren Breeding, Valerie Breeding, Mariane Breeding, and Michael Breeding. The subject premises, consisting of grounds and a seven-room one-family house situated at 113 Court Street in West Haven, Connecticut, were leased initially to Paul Breeding, the father of Caren, Valerie, Mariane and Michael. Defendant Mariane Breeding was the last tenant to move out.
In their Second Revised Complaint the plaintiffs claim that when they retook possession of the premises on or about May 17, 1993, they first discovered extensive damages, including structural damage, broken fixtures and refuse.[1]
CT Page 1486-C The plaintiffs request compensation in the amount of $9,726.64 for labor and materials for repairing the premises, and removing debris.
The trial of this matter commenced with the testimony of plaintiff Mario Dottori. Plaintiff Mario Dottori testified in material part that by verbal agreement he leased the premises to Paul Breeding with the understanding that in return for keeping the rent at a reasonable level, Paul Breeding would maintain the premises and take care of routine repairs. The plaintiff testified further that after May of 1992, he did not check to see who lived there. Paul Breeding suffered a major decline in his health, and in August of 1992, Mary Ann Breeding requested Mario Dottori to change the utilities to her name because of her father's illness. Plaintiff Mario Dottori had a business situated near the leased house, and from time to time he would see defendants Valerie, Mariane, and Caren coming and going from the premises.
Mariane Breeding moved out of the house in May of 1993. At that time she removed her personal belongings, and upon leaving, locked the front door. The lock on the back door was broken. Nevertheless, when she left, the house was filled with furniture, clothes, and maybe bicycles — none of which belonged to her. Mariane Breeding denies causing any damages to the premises; and she also denies leaving any of her belongings on the premises. Plaintiff Mario Dottori testified that the first time he was aware that the defendants were no longer occupants of the premises was in May of 1993 when the conservator of Paul Breeding informed him that Valerie, Caren and Mary Ann had moved out.
Upon inspection of the premises after May of 1993, plaintiff Mario Dottori discovered considerable trash and physical damages. Clearly ". . . there is an implied covenant on the part of the lessee, unless otherwise provided in the lease, to redeliver the premises at the end of the term in the same general condition as at the time of letting, ordinary wear and tear excepted." 49 Am.Jur.2d at 684. Furthermore, there is an implied legal obligation that the tenant remove all of her personal belongings and remove all of her refuse from the CT Page 1486-D premises. If the tenant fails to fulfill these obligations, the landlord is entitled to compensation for repairing the premises and removing the debris.
To prove his claim for damages and the cost of removing the debris, Mario Dottori presented only his testimony and photographs. He itemized his expenditures through his testimony; however, he did not present bills or invoices as evidentiary support of his claim for $9,726.64.
In their post-trial briefs the parties do not cite a case which addresses the liability, if any, of the remaining member of a group of tenants or occupants, for damages, if any, caused to leased premises by the former members or former occupants of the group. Furthermore, the parties did not cite a case which addresses the liability, if any, of a tenant for damages caused to and debris left on leased premises by former tenants or former occupants.
However, the plaintiffs have cited the case of Gargano v.Heyman, 203 Conn. 616 (1987). In Gargano, supra, the Supreme Court reiterated the standard and burden of proof for recovering for waste to premises.
 In order to recover damages for waste, a claimant has the burden of "showing that the lease has terminated; showing with reasonable certainty the condition of the premises . . . complained of, at the inception of the term; showing the specific items of damage and the reasonable cost of repairing the items . . ." (Emphasis added; internal citations omitted.)
 Gargano, supra at 623.
The court finds that the plaintiffs have not satisfied the second prong of the Gargano test, namely: showing the condition of the premises at the inception of the term, for the reason that they did not inspect the premises in August of 1992 — when Mariane Breeding was recognized as the tenant. Furthermore, the court finds that the facts in Gargano v. Heyman, supra, do not support CT Page 1486-E plaintiffs' claims for damages in this case inasmuch as in Gargano the dry cleaning equipment, and damage caused by it were traceable only to the commercial tenant. Here, the plaintiffs have not shown that it is reasonably certain that only defendant Mariane Breeding caused the claimed damages, and left the debris which they later removed.
The court finds that the plaintiffs have not met their burden of proving by a preponderance of the evidence that defendant Mariane Breeding caused injury to and left debris on the premises subject of this action. Not only does the court find Mariane Breeding's testimony credible; the court, as aforesaid, finds that the plaintiffs presented no evidence of the condition of the premises at the commencement of her rental term.
Although defendant Michael Breeding did not appear and was unrepresented at the trial, since the plaintiffs did not satisfy the second standard of Gargano, supra, they are not entitled to a judgment against him.
For the foregoing reasons and upon the foregoing authorities judgment hereby enters for defendant Mariane Breeding and for defendant Michael Breeding.
Clarance J. Jones, Judge